UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. FILED: APRIL 30, 2008 |
| | ) | 08CV2460 NF |
| v. | ) | JUDGE NORDBERG |
| | ) | Judge MAGISTRATE JUDGE DENLOW |
| CAROLYN WHITFIELD-ZYWICIEL, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this action against the defendant, Carolyn Whitfield-Zywiciel, and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the Northern District of Illinois.

3. The defendant became indebted to the United States as set forth in the Certificate of Indebtedness and promissory note(s) or contract(s) attached as Exhibits "A" and "B" respectively.

4. Although demand has been made for payment, there remains due and owing the principal sum of $253,206.86 , plus interest calculated through March 6, 2008 in the sum of $5,224.95. Interest continues to accrue at the rate of 6.625 % per annum.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a. in the amount of $258,431.81, which represents principal and interest due through March 6, 2008;

b. interest to continue to accrue at the rate of 6.625% per annum until the date of judgment;

  c. interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until paid in full;

  d. costs of suit, including but not limited to, a filing fee of $350.00, as authorized by 28 U.S.C. §§ 2412(a)(2) and 1914(a), and

  e. for such other proper relief as this court may deem just.

         Respectfully submitted,

         PATRICK J. FITZGERALD
         United States Attorney


         By: s/ Melissa A. Childs
          MELISSA A. CHILDS
          Assistant United States Attorney
          219 South Dearborn Street
          Chicago, Illinois  60604
          (312) 353-5331
          melissa.childs@usdoj.gov

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                                  Program Support Center

Rockville MD 20857



# CERTIFICATE OF INDEBTEDNESS

Carolyn Whitfield-Zywiciel, DPM
1560 Suncrest Ln
Bolingbrook, IL 60490
Ref: 50069461

**Total debt due to the United States of America as of March 6, 2008: $258,431.81 (principal $253,206.86, interest $5,224.95, administrative costs $0.00).**

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $253,206.86 from March 6, 2008, at the rate of 6.625%. Interest accrues on the principal amount of this debt at the rate of $45.96 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Dr. William Scholl College of Podiatric Medicine, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Amount Disbursed |
|---|---|---|
| 08/27/82 | $11,970.00 | $11,970.00 |
| 08/02/83 | $ 8,030.00 | $ 8,030.00 |
| 08/16/84 | $12,500.00 | $12,500.00 |
| 09/24/85 | $ 6,000.00 | $ 6,000.00 |
| 02/24/86 | $ 8,400.00 | $ 8,400.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.

Upon your leaving the Dr. William Scholl College of Podiatric Medicine, you were granted forbearance agreements during the period of December 1, 1988, to November 1, 1991, with payments to begin thereafter. Between June 7, 1989, and August 26, 1992, you made fourteen (14) payments totaling $7,126.47.

**EXHIBIT A**

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - CAROLYN WHITFIELD-ZYWICIEL

On March 30, 1992, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

On December 31, 1992, in the United States Bankruptcy Court, Northern District of Illinois, you filed a petition for relief under Title 11 U.S.C. Chapter 13 (Case No. 92-28766 ). The bankruptcy was dismissed on July 6, 1993, however, your HEAL debt was not dischargeable under bankruptcy.

Due to your bankruptcy, the SLMA filed an insurance claim with the Department of Health and Human Services (HHS). The claim in the amount of $98,863.00 was paid on February 12, 1993, and an assignment of the notes was received.

The HHS notified you by letter dated February 11, 1993, that the previous holder of your promissory notes submitted an insurance claim and assigned your notes to the U.S. Government.

On July 28, 1993, in the United States Bankruptcy Court, Northern District of Illinois, you filed a petition for relief under Title 11 U.S.C. Chapter 11 (Case No. 93-15852 ). The bankruptcy was dismissed on October 7, 1993, however, your HEAL debt was not dischargeable under bankruptcy.

By letter dated November 1, 1993, you proposed monthly payments of $300.00.

On November 10, 1993, you were sent a repayment agreement (RA) which was to be signed, notarized, and returned along with your first payment by December 15, 1993. You were advised that failure to comply would result in your debt being referred to the U.S. Department of Justice (DOJ) for enforced collection.

Your signed RA dated December 6, 1993, in which you agreed to make monthly payments of $300.00 beginning December 15, 1993, was approved on December 11, 1993.

In a letter dated February 26, 1997, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within thirty (30) days from the date of the letter would terminate administrative offset action. You did not comply.

By letter dated April 30, 2004, you were notified that your account had been referred to OSI Collection Services for collection. You were advised that your account would be referred to the DOJ if you failed to either remit payment in full or enter into an RA. You did not comply.

On October 14, 2004, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA, your debt would be referred to the DOJ for enforced collection. You did not comply.

On February 18, 2005, in the United States Bankruptcy Court, Northern District of Illinois, you filed a petition for relief under Title 11 U.S.C. Chapter 7 (Case No. 05-05676). The bankruptcy was closed on November 9, 2007, however, your HEAL debt was not dischargeable under bankruptcy.

In a letter dated November 19, 2007, you were notified that although payments on your HEAL debt had been suspended during your bankruptcy proceedings, your debt was not subject to cancellation by bankruptcy discharge. You were provided instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days along with a good faith payment. You did not comply.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - CAROLYN WHITFIELD-ZYWICIEL

In a letter dated January 2, 2008, you were sent instructions for entering into an RA with notice that it must be completed and returned within thirty (30) days. You were informed that failure to respond would result in your debt being referred to the DOJ. You did not respond.

In a letter dated January 3, 2008, you were notified of the HHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within sixty (60) days from the date of the letter would terminate administrative offset action. You did not comply.

The following provides a breakdown of payments applied to your account:

| | | |
|---|---|---|
| 14 Payments to Lender | 06/07/89 to 08/26/92 | $ 7,126.47 |
| Treasury Offset Payment | 07/08/05 | $    93.00 |
| Payments to HHS | 11/02/93 to 02/21/08 | $ 9,064.67 |
| Total Amount Applied | | $16,284.14 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, Northern District of Illinois, Everett McKinley Dirksen Bldg, Room 500 S, 219 S. Dearborn St., Chicago, IL 60604-1702.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

MAR 12 2008
_____    _____
Date                                                     Barry M. Blum
                                                                 Chief, Referral Control Section
                                                                 Debt Management Branch

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH SERVICES ADMINISTRATION

**HEALTH EDUCATION ASSISTANCE LOAN PROGRAM**
(42 U.S.C. 294-294?)

**PROMISSORY NOTE**

(VARIABLE RATE)

| | |
|---|---|
| Amount of Loan | $ 11,970.00 |
| Date FINANCE CHARGE Begins to Accrue | 8/25/82 |
| Prepaid FINANCE CHARGE (Insurance Premium) | $ 104.73 |
| Amount Financed (Amount of loan less insurance premium) | $ 11,865.27 |
| ANNUAL PERCENTAGE RATE: (Subject to change — See INTEREST Paragraph 2) | 16.50 |

**PROMISE TO PAY**

I, __Carolyn Whitfield__, the borrower, promise to pay to __Bank of Indiana, National Association__
Name of borrower                                                                                  __1000 E. 80th Pl. Merrillville, IN 46410__

(the lender), or the subsequent holder of this Note, the principal sum of __11,970.00__ to the extent it is advanced to me, to pay interest on
the principal sum as set out below and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

**The lender and I further understand and agree that:**

**INTEREST**

1. Beginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume; interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six (6) months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.

2. Interest shall accrue and be payable at an ANNUAL PERCENTAGE RATE which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent.

3. Any change in the ANNUAL PERCENTAGE RATE will affect the payment amounts, the number of payments, or the amount due at maturity.

**INSURANCE PREMIUM**

I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

**REPAYMENT**

1. Repayment shall be made in periodic installments over a repayment period which starts the first day of the tenth month after the month in which I cease to be a full-time student at a HEAL school. However, if I become an intern or resident in an accredited program before that date, then the repayment period begins the first day of the tenth month after the month in which I cease to be an intern or resident.

2. The repayment period shall not be less than 10 years nor more than 25 years. In no event, however, shall the repayment period extend to a date that is more than 33 years from the date on which I signed this Promissory Note. Any period described under DEFERMENT shall not be included in determining the 10, 25, or 33 year periods.

3. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

4. I shall make a minimum annual repayment of at least $600 or an amount equal to the annual interest on the unpaid principal balance, whichever is greater. If I have other outstanding HEAL loans, the sum of all payments to all holders of my HEAL loans shall not be less than $600 or an amount equal to the consolidated interest on the unpaid principal balances, whichever is greater. However, the $600 rule does not apply if it would result in my repaying a HEAL loan in fewer than 10 years.

**PREPAYMENT**

I may, at my option and without penalty, prepay all or any part of this loan (principal or accrued interest) at any time. In the event of such prepayment, I shall be entitled to a rebate of unearned interest computed by ☐ the Sum of the Digits Formula (Rule of 78ths), or ☐ other (identify) _____ (Not to be completed if simple interest is computed on a daily basis)

**DEFERMENT**

Periodic installments of principal and interest need not be paid, but interest shall accrue:

1. When I am carrying a full-time course of study at a HEAL school or at an institution of higher education participating in the Guaranteed Student Loan Program; and

2. Not in excess of three years for each of the following when I am:
   A. a member of the Armed Forces of the United States;
   B. in service as a volunteer under the Peace Corps Act;
   C. in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
   D. a member of the National Health Service Corps.

3. Not in excess of four years when I am a participant in an accredited internship or residency program.

**LATE CHARGES**

I may be assessed a late charge of five percent of the installment payment or $5.00, whichever is less, on any payment made later than 10 days after the due date.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal regulations.

**DEFAULT**

In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 294-294?) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I shall promptly notify the lender or any other holder of this Note in writing, of any change of name, address, school enrollment status or any other event described in paragraph 3 of the Borrower's Responsibilities as found on the reverse side of this Note.

I agree that all proceeds from this loan will be used solely for tuition and other reasonable educational and living expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, personal expenses, the HEAL insurance premium, and interest on HEAL loans.

| _(signature)_ | 1747 E. 73rd St | 8-27-82 |
|---|---|---|
| SIGNATURE OF BORROWER | ADDRESS | DATE |
| | | |
| SIGNATURE OF BORROWER | ADDRESS | DATE |

*NOTICE: This Note shall be executed without security and without endorsement, except that, if the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser also to sign this Note. The lender shall supply a copy of this Note to the borrower.

HSA 500-1 (Formerly OE 769-1)
9-81

EXHIBIT B

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

**BORROWER'S RIGHTS**

1. The loan check or draft must be made payable to me or if authorized by me — jointly to me and the school. The check or draft must require my endorsement.
2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender must return the note to me when the loan is paid in full.
3. If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the new holder.
4. I have a right to a 9-month "grace period" before repayment begins after I have completed school attendance (and internship and residency in an accredited program, if started before the first day of the tenth month after I ceased to be a full-time student at a HEAL school).
5. I have a right to prepay the whole or any portion of the loan at any time without a penalty.
6. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. The conditions that qualify me for a deferment are listed under DEFERMENT on the promissory note.
7. The lender will provide me with a repayment schedule before the repayment period begins.
8. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal regulations.
9. At the option of the Federal Government, I may apply for a special contract to have my loan fully or partially repaid by serving for at least two years in the National Health Service Corps or in a health manpower shortage area identified by the Secretary of H.H.S. I understand that a contract may be granted depending on the availability of positions in shortage areas and the availability of Federal funds appropriated for this purpose.
10. The lender cannot change the terms of my HEAL loan without my consent.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid may be increased by additional interest costs, late charges, attorney's fees, court costs and other collection costs.
2. I understand that the lender may charge me an insurance premium and that I will not be entitled to any refund of this premium.
3. I must immediately notify the lender if any of the following occurs before the loan is repaid:
    a. change of address
    b. name change (e.g., maiden name to married name)
    c. failure to enroll in a HEAL school for the period for which the loan is intended
    d. transfer to another school
    e. withdrawal from school or attendance on a less than full-time basis
    f. graduation
    g. cessation of participation in an internship/residency program or other eligible deferment status.
4. I must repay the loan in accordance with a repayment schedule. More detailed information about the repayment terms is listed under REPAYMENT on the promissory note.
5. I must notify the lender of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.
6. I understand that this loan must be paid. If I do not make payments when due, the lender may declare my loan in default. If I default, the Federal Government will take over my loan and I will then owe the Government. My default may result in court action to force me to pay. Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period.
7. I understand that I can only use the proceeds of my HEAL loan for tuition and other reasonable educational and living expenses.

By my signature below I CERTIFY that I have read my rights and responsibilities and discussed them with the lender.

SIGNATURE OF BORROWER: *Carol Whitfield*     DATE: 8-27-82

I authorize Bank of Indiana, National Association to make their check payable jointly to me and the school.

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the United States of America.

By _[signature]_ 1/26/93
USC/IA SLMA
Sr. Claims Analyst

back     dk56-08399

AUG 0 8 1983

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**
PUBLIC HEALTH SERVICE
HEALTH RESOURCES AND SERVICES ADMINISTRATION

**HEALTH EDUCATION ASSISTANCE LOAN PROGRAM**
STUDENT LOANS (42 U.S.C. 294-294t)

Promissory Note - (Variable Rate)   SS # ███████-4966

---

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | Amount Financed<br>The amount of credit provided to me or on my behalf. | determined by the interest calculation formula. The rate will not increase more than every calendar quarter. Any increase will take the form of higher periodic payments, more payments of the same amount, or a larger amount due at maturity. |
|---|---|---|
| 13.375 % Before Repayment Begins \| 12.375% After Repayment Begins | $7,748.95 | **Late Charge:** If a payment is late, I may be charged 5 cents for each dollar of the installment payment due or $5.00 for each payment, whichever is less.<br><br>**Prepayment:** If I pay off early, I will not have to pay a penalty. If I pay off early, I will not be entitled to a refund of part of the finance charge. |

The ANNUAL PERCENTAGE RATE may increase during the term of this transaction if the index to the average of the bond equivalent rates reported for ninety-one day U.S. Treasury Bills auctioned during the preceding quarter increases as

My Promissory Note contains additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment penalties.

---

PROMISE TO PAY

I, __Carolyn Whitfield__, the borrower, promise to pay to __Bank of Indiana, National Association__
Name of borrower                                                     Name, City, and State (of Lender)
1000 E. 80 Pl., Merrillville, IN 46410
(the lender), or the subsequent holder of this Note, the principal sum of $__8,030.00__ to the extent it is advanced to me, to pay interest on
                                                                                    Principal sum
the principal sum as set out below and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

The Lender and I further understand and agree that:

**INTEREST**

1. Beginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six (6) months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.

2. Interest shall accrue and be payable at an ANNUAL PERCENTAGE RATE which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent.

3. Any change in the ANNUAL PERCENTAGE RATE will affect the payment amounts, the number of payments, or the amount due at maturity.

**INSURANCE PREMIUM**

I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

**REPAYMENT**

1. Repayment shall be made in periodic installments over a repayment period which starts the first day of the tenth month after the month in which I cease to be a full-time student at a HEAL school. However, if I become an intern or resident in an accredited program before that date, then the repayment period begins the first day of the tenth month after the month in which I cease to be an intern or resident.

2. The repayment period shall not be less than 10 years nor more than 25 years. In no event, however, shall the repayment period extend to a date that is more than 33 years from the date on which I signed this Promissory Note. Any period described under DEFERMENT shall not be included in determining the 10, 25, or 33 year periods.

3. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 294-294t) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I shall promptly notify the lender or any other holder of this Note in writing, of any change of name, address, school enrollment status or any other event described in paragraph 3 of the Borrower's Responsibilities as found on the reverse side of this Note.

I agree that all proceeds from this loan will be used solely for tuition and other reasonable education expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, personal expenses, the HEAL insurance premium, and interest on HEAL loans.

4. I shall make a minimum annual repayment of at least $600 or an amount equal to the annual interest on the unpaid principal balance, whichever is greater. If I have other outstanding HEAL loans, the sum of all payments to all holders of my HEAL loans shall not be less than $600 or an amount equal to the consolidated interest on the unpaid principal balances, whichever is greater. However, the $600 rule does not apply if it would result in my repaying a HEAL loan in fewer than 10 years.

**DEFERMENT**

Periodic installments of principal and interest need not be paid, but interest shall accrue:

1. When I am carrying a full-time course of study at a HEAL school or at an institution of higher education participating in the Guaranteed Student Loan Program; and

2. Not in excess of three years for each of the following when I am:
   A. a member of the Armed Forces of the United States;
   B. in service as a volunteer under the Peace Corps Act;
   C. in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973, and
   D. a member of the National Health Service Corps.

3. Not in excess of four years when I am a participant in an accredited internship or residency program.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal regulations.

**DEFAULT**

In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

Itemization of the Amount Financed of $__7,748.95__

$__7,748.95__ Amount given to me directly

$__0__ Amount paid on my account

Amount paid to others on my behalf

$__0__ to

$__281.05__ Prepaid finance charge

---

SIGNATURE OF BORROWER: _Carol Whitfield_   ADDRESS: 1747 E. 73rd St   DATE: 8/2/83

SIGNATURE OF BORROWER: _____   ADDRESS: _____   DATE: _____

*NOTICE. This Note shall be executed without security and without endorsement, except that, if the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser also to sign this Note. The lender shall supply a copy of this Note to the borrower.

BOI-51

## STATEMENT OF BORROWER'S RIGHTS & RESPONSIBILITIES

**BORROWER'S RIGHTS**

1. The loan check or draft must be made payable to me or if authorized by me — jointly to me and the school. The check or draft must require my endorsement.
2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender must return the note to me when the loan is paid in full.
3. If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the new holder.
4. I have a right to a 9-month "grace period" before repayment begins after I have completed school attendance (and internship and residency in an accredited program, if started before the first day of the tenth month after I ceased to be a full-time student at a HEAL school).
5. I have a right to prepay the whole or any portion of the loan at any time without a penalty.
6. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. The conditions that qualify me for a deferment are listed under DEFERMENT on the promissory note.
7. The lender will provide me with a repayment schedule before the repayment period begins.
8. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal regulations.
9. At the option of the Federal Government, I may apply for a special contract to have my loan fully or partially repaid by serving for at least two years in the National Health Service Corps or in a health manpower shortage area identified by the Secretary of H.H.S. I understand that a contract may be granted depending on the availability of positions in shortage areas and the availability of Federal funds appropriated for this purpose.
10. The lender cannot change the terms of my HEAL loan without my consent.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid may be increased by additional interest costs, late charges, attorney's fees, court costs and other collection costs.
2. I understand that the lender may charge me an insurance premium and that I will not be entitled to any refund of this premium.
3. I must immediately notify the lender if any of the following occurs before the loan is repaid:

   a. change of address
   b. name change (e.g., maiden name to married name)
   c. failure to enroll in a HEAL school for the period for which the loan is intended
   d. transfer to another school
   e. withdrawal from school or attendance on a less than full-time basis
   f. graduation
   g. cessation of participation in an internship/residency program or other eligible deferment status.

4. I must repay the loan in accordance with a repayment schedule. More detailed information about the repayment terms is listed under REPAYMENT on the promissory note.
5. I must notify the lender of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.
6. I understand that this loan must be paid. If I do not make payments when due, the lender may declare my loan in default. If I default, the Federal Government will take over my loan and I will then owe the Government. My default may result in court action to force me to pay. Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period.
7. I understand that I can only use the proceeds of my HEAL loan for tuition and other reasonable educational and living expenses.

By my signature below I CERTIFY that I have read my rights and responsibilities and discussed them with the lender.

_____
SIGNATURE OF BORROWER                    DATE 8/2/83

I authorize Bank of Indiana, National Association to make their check payable jointly to me and the school.

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the United States of America.

By _____    1/26/93
UCLA SLMA
Claims Analyst

U.S. DEPARTMENT
HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH RESOURCES AND SERVICES ADMINISTRATION

SS# ███-████-4966

**HEAL LOANS**

HEALTH EDUCATION ASSISTANCE LOAN PROGRAM
(42 U.S.C. 294-294t)

Promissory Note - (Variable Rate)

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate.<br><br>14.750 % / 13.750 %<br>Before Repayment Begins / After Repayment Begins | Amount Financed<br>The amount of credit provided to me or on my behalf.<br><br>$ 12,187.50 |
|---|---|

The ANNUAL PERCENTAGE RATE may increase during the term of this transaction if the index to the average of the bond equivalent rates reported for ninety-one day U.S. Treasury Bills auctioned during the preceding quarter increases as determined by the interest calculation formula. The rate will not increase more than every calendar quarter. Any increase will take the form of higher periodic payments, more payments of the same amount, or a larger amount due at maturity.

Late Charge: If a payment is late, I may be charged 5 cents for each dollar of the installment payment due or $5.00 for each payment, whichever is less.

Prepayment: If I pay off early, I will not have to pay a penalty. If I pay off early, I will not be entitled to a refund of part of the finance charge.

My Promissory Note contains additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment penalties.

## PROMISE TO PAY

I, CAROLYN WHITFIELD, the borrower, promise to pay to Bank of Indiana National Association
Name of borrower
Name, City, and State (of Lender)
1000 E 80th Pl-Merrillville IN 46410

(the lender), or the subsequent holder of this Note, the principal sum of $12,500.00 to the extent it is advanced to me, to pay interest on the principal sum as set out below and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

The Lender and I further understand and agree that:

**INTEREST**

1. Beginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume; interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six (6) months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.

2. Interest shall accrue and be payable at an ANNUAL PERCENTAGE RATE which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent.

3. Any change in the ANNUAL PERCENTAGE RATE will affect the payment amounts, the number of payments, or the amount due at maturity.

**INSURANCE PREMIUM**

I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

**REPAYMENT**

1. Repayment shall be made in periodic installments over a repayment period which starts the first day of the tenth month after the month in which I cease to be a full-time student at a HEAL school. However, if I become an intern or resident in an accredited program before that date, then the repayment period begins the first day of the tenth month after the month in which I cease to be an intern or resident.

2. The repayment period shall not be less than 10 years nor more than 25 years. In no event, however, shall the repayment period extend to a date that is more than 33 years from the date on which I signed this Promissory Note. Any period described under DEFERMENT shall not be included in determining the 10, 25, or 33 year periods.

3. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

4. I shall make a minimum annual repayment of at least $600 or an amount equal to the annual interest on the unpaid principal balance, whichever is greater. If I have other outstanding HEAL loans, the sum of all payments to all holders of my HEAL loans shall not be less than $600 or an amount equal to the consolidated interest on the unpaid principal balances, whichever is greater. However, the $600 rule does not apply if it would result in my repaying a HEAL loan in fewer than 10 years.

**DEFERMENT**

Periodic installments of principal and interest need not be paid, but interest shall accrue:

1. When I am carrying a full-time course of study at a HEAL school or at an institution of higher education participating in the Guaranteed Student Loan Program; and

2. Not in excess of three years for each of the following when I am:
   A. a member of the Armed Forces of the United States;
   B. in service as a volunteer under the Peace Corps Act;
   C. in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973, and
   D. a member of the National Health Service Corps.

3. Not in excess of four years when I am a participant in an accredited internship or residency program.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal regulations.

**DEFAULT**

In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

Itemization of the Amount Financed of $ ~~12,187.50~~

$ 12,187.50   Amount given to me directly

$ 0   Amount paid on my account

Amount paid to others on my behalf

$ 0   to

$ 312.50   Prepaid finance charge

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 294-294t) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I shall promptly notify the lender or any other holder of this Note in writing, of any change of name, address, school enrollment status or any other event described in paragraph 3 of the Borrower's Responsibilities as found on the reverse side of this Note.

I agree that all proceeds from this loan will be used solely for tuition and other reasonable education expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, personal expenses, the HEAL insurance premium, and interest on HEAL loans.

| SIGNATURE OF BORROWER /s/ Carolyn Whitfield | ADDRESS 400 E 33rd St Apt 304 | DATE 8-16-84 |
|---|---|---|
| SIGNATURE OF BORROWER /s/ Carolyn Whitfield | ADDRESS 400 E 33rd St Apt 304 | DATE 8-16-84 |

*NOTICE: This Note shall be executed without security and without endorsement, except that, if the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser also to sign this Note. The lender shall supply a copy of this Note to the borrower.

BOI-51

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

**BORROWER'S RIGHTS**

1. The loan check or draft must be made payable to me or if authorized by me — jointly to me and the school. The check or draft must require my endorsement.

2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender must return the note to me when the loan is paid in full.

3. If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the new holder.

4. I have a right to a 9-month "grace period" before repayment begins after I have completed school attendance (and internship and residency in an accredited program, if started before the first day of the tenth month after I ceased to be a full-time student at a HEAL school).

5. I have a right to prepay the whole or any portion of the loan at any time without a penalty.

6. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. The conditions that qualify me for a deferment are listed under DEFERMENT on the promissory note.

7. The lender will provide me with a repayment schedule before the repayment period begins.

8. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal regulations.

9. At the option of the Federal Government, I may apply for a special contract to have my loan fully or partially repaid by serving for at least two years in the National Health Service Corps or in a health manpower shortage area identified by the Secretary of H.H.S. I understand that a contract may be granted depending on the availability of positions in shortage areas and the availability of Federal funds appropriated for this purpose.

10. The lender cannot change the terms of my HEAL loan without my consent.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid may be increased by additional interest costs, late charges, attorney's fees, court costs and other collection costs.

2. I understand that the lender may charge me an insurance premium and that I will not be entitled to any refund of this premium.

3. I must immediately notify the lender if any of the following occurs before the loan is repaid:
    a. change of address
    b. name change (e.g., maiden name to married name)
    c. failure to enroll in a HEAL school for the period for which the loan is intended
    d. transfer to another school
    e. withdrawal from school or attendance on a less than full-time basis
    f. graduation
    g. cessation of participation in an internship/residency program or other eligible deferment status.

4. I must repay the loan in accordance with a repayment schedule. More detailed information about the repayment terms is listed under REPAYMENT on the promissory note.

5. I must notify the lender of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.

6. I understand that this loan must be paid. If I do not make payments when due, the lender may declare my loan in default. If I default, the Federal Government will take over my loan and I will then owe the Government. My default may result in court action to force me to pay. Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period.

7. I understand that I can only use the proceeds of my HEAL loan for tuition and other reasonable educational and living expenses.

By my signature below I CERTIFY that I have read my rights and responsibilities and discussed them with the lender.

_____  _____
SIGNATURE OF BORROWER              DATE 8-16-84

I authorize Bank of Indiana, National Association to make their check payable jointly to me and the school.

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the United States of America.

By _____  1/24/93

Sr. Claim Analyst

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH RESOURCES AND SERVICES ADMINISTRATION

**HEALTH EDUCATION ASSISTANCE LOAN PROGRAM**
(42 U.S.C. 294-294t)

SEP 27 1985

Promissory Note - (Variable Rate)

# HEAL LOANS

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | Amount Financed<br>The amount of credit provided to me or on my behalf. |
|---|---|
| 13.108 % / 11.375 %<br>Before / After<br>Repayment / Repayment<br>Begins / Begins | $ 5,830.00 |

The ANNUAL PERCENTAGE RATE may increase during the term of this transaction if the index to the average of the bond equivalent rates reported for ninety-one day U.S. Treasury Bills auctioned during the preceding quarter increases as determined by the interest calculation formula. The rate will not increase more than every calendar quarter. Any increase will take the form of higher periodic payments, more payments of the same amount, or a larger amount due at maturity.

Late Charge: If a payment is late, I may be charged 5 cents for each dollar of the installment payment due or $5.00 for each payment, whichever is less.

Prepayment: If I pay off early, I will not have to pay a penalty. If I pay off early, I will not be entitled to a refund of part of the finance charge.

My Promissory Note contains additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment penalties.

## PROMISE TO PAY

I, Carolyn Wilford , the borrower, promise to pay to Bank of Indiana National Association
Name of borrower                                                                          Name, City, and State (of Lender)
                                                                          1000 E 80th Pl-Merrillville IN 46410
(the lender), or the subsequent holder of this Note, the principal sum of $6,000.00 to the extent it is advanced to me, to pay interest on
                                                    Principal sum
the principal sum as set out below and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

### The Lender and I further understand and agree that:

**INTEREST**

1. Beginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six (6) months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.

2. Interest shall accrue and be payable at an **INTEREST RATE** which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5 percent, rounding this figure up to the nearest 1/8 of 1 percent.

3. Any change in the **INTEREST RATE** will affect the payment amounts, the number of payments, or the amount due at maturity.

**INSURANCE PREMIUM**

I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

**REPAYMENT**

1. Repayment shall be made in periodic installments over a repayment period which starts the first day of the tenth month after the month in which I cease to be a full-time student at a HEAL school. However, if I become an intern or resident in an accredited program before that date, then the repayment period begins the first day of the tenth month after the month in which I cease to be an intern or resident.

2. The repayment period shall not be less than 10 years nor more than 25 years. In no event, however, shall the repayment period extend to a date that is more than 33 years from the date on which I signed this Promissory Note. Any period described under DEFERMENT shall not be included in determining the 10, 25, or 33 year periods.

3. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 294-294t) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I shall promptly notify the lender or any other holder of this Note in writing, of any change of name, address, school enrollment status or any other event described in paragraph 3 of the Borrower's Responsibilities as found on the reverse side of this Note.

I agree that all proceeds from this loan will be used solely for tuition and other reasonable education expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, personal expenses, the HEAL insurance premium, and interest on HEAL loans.

4. I shall make a minimum annual repayment of at least $600 or an amount equal to the annual interest on the unpaid principal balance, whichever is greater. If I have other outstanding HEAL loans, the sum of all payments to all holders of my HEAL loans shall not be less than $600 or an amount equal to the consolidated interest on the unpaid principal balances, whichever is greater. However, the $600 rule does not apply if it would result in my repaying a HEAL loan in fewer than 10 years.

**DEFERMENT**

Periodic installments of principal and interest need not be paid, but interest shall accrue:

1. When I am carrying a full-time course of study at a HEAL school or at an institution of higher education participating in the Guaranteed Student Loan Program; and

2. Not in excess of three years for each of the following when I am:
   A. a member of the Armed Forces of the United States;
   B. in service as a volunteer under the Peace Corps Act;
   C. in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
   D. a member of the National Health Service Corps.

3. Not in excess of four years when I am a participant in an accredited internship or residency program.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled, my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal regulations.

**DEFAULT**

In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

Itemization of the Amount Financed of $ 5,830.00

$ 5,830.00   Amount given to me directly

$   0        Amount paid on my account

             Amount paid to others on my behalf

$   0        to _____

$ 170.00     Prepaid finance charge

---

SIGNATURE OF BORROWER: [signed]    ADDRESS: 400 E. 33rd St Chicago, IL #304    DATE: 9-24-85

SIGNATURE OF BORROWER: _____    ADDRESS: _____    DATE: _____

*NOTICE: This Note shall be executed without security and without endorsement, except that, if the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser also to sign this Note. The lender shall supply a copy of this Note to the borrower.

HRSA-500-1-BOI 5-85                                ORIGINAL

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

**BORROWER'S RIGHTS**

1. The loan check or draft must be made payable to me or if authorized by me — jointly to me and the school. The check or draft must require my endorsement.

2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender must return the note to me when the loan is paid in full.

3. If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the new holder.

4. I have a right to a 9 month "grace period" before repayment begins after I have completed school attendance (and internship and residency in an accredited program, if started before the first day of the tenth month after I ceased to be a full-time student at a HEAL school).

5. I have a right to prepay the whole or any portion of the loan at any time without a penalty.

6. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. The conditions that qualify me for a deferment are listed under DEFERMENT on the promissory note.

7. The lender will provide me with a repayment schedule before the repayment period begins.

8. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal regulations.

9. At the option of the Federal Government, I may apply for a special contract to have my loan fully or partially repaid by serving for at least two years in the National Health Service Corps or in a health manpower shortage area identified by the Secretary of H.H.S. I understand that a contract may be granted depending on the availability of positions in shortage areas and the availability of Federal funds appropriated for this purpose.

10. The lender cannot change the terms of my HEAL loan without my consent.

**BORROWER'S RESPONSIBILITIES**

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or if I default, the total amount to be repaid may be increased by additional interest costs, late charges, attorney's fees, court costs and other collection costs.

2. I understand that the lender may charge me an insurance premium and that I will not be entitled to any refund of this premium.

3. I must immediately notify the lender if any of the following occurs before the loan is repaid:
   a. change of address
   b. name change (e.g., maiden name to married name)
   c. failure to enroll in a HEAL school for the period for which the loan is intended
   d. transfer to another school
   e. withdrawal from school or attendance on a less than full-time basis
   f. graduation
   g. cessation of participation in an internship/residency program or other eligible deferment status.

4. I must repay the loan in accordance with a repayment schedule. More detailed information about the repayment terms is listed under REPAYMENT on the promissory note.

5. I must notify the lender of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.

6. I understand that this loan must be paid. If I do not make payments when due, the lender may declare my loan in default. If I default, the Federal Government will take over my loan and I will then owe the Government. My default may result in court action to force me to pay. Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period.

7. I understand that I can only use the proceeds of my HEAL loan for tuition and other reasonable educational and living expenses.

By my signature below I CERTIFY that I have read my rights and responsibilities and discussed them with the lender.

_____   9-24-85
SIGNATURE OF BORROWER             DATE

I authorize Bank of Indiana, National Association to make their check payable jointly to me and the school.

_____   9-24-85
SIGNATURE OF BORROWER             DATE

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the United States of America.

By _____   1/24/93

(SGM) SLMA
Claim Analyst

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
HEALTH RESOURCES AND SERVICES ADMINISTRATION

## HEALTH EDUCATION ASSISTANCE LOAN PROGRAM
(42 U.S.C. 294-294g)

Note # 47353

**Promissory Note — (Variable Rate)**

SS# ████-4960

| ANNUAL PERCENTAGE RATE | Amount Financed | |
|---|---|---|
| The cost of my credit as a yearly rate. | The amount of credit provided to me or on my behalf | interest calculation formula. The rate will not increase more than every calendar quarter. Any increase will take the form of higher periodic payments, more payments of the same amount, or a larger amount due at maturity. |
| 13.036 % Before Repayment Begins / 10.500 % After Repayment Begins | $ 8,232.00 | **Late Charge:** If a payment is late, I may be charged 5 cents for each dollar of the installment payment due. |
| | | **Prepayment:** If I pay off early, I will not have to pay a penalty. If I pay off early, I will not be entitled to a refund of part of the finance charge. |
| The ANNUAL PERCENTAGE RATE may increase during the term of this transaction if the index to the average of the bond equivalent rates reported for ninety-one day U.S. Treasury Bills auctioned during the preceding quarter increases as determined by the | | My Promissory Note contains additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment penalties. FEB 26 1986 |

**PROMISE TO PAY**

I, Carolyn Whitfield, the borrower, promise to pay to HEAL LOANS
Bank of Indiana, National Association
1000 E 80th Pl-Merrillville, IN 46410
(the lender), or the subsequent holder of this Note, the principal sum of $8,400.00, to the extent it is advanced to me, to pay interest on the principal sum as set out below, and to pay authorized late charges, all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

The Lender and I further understand and agree that:

**INTEREST**

1. Beginning on the day the loan is disbursed and ending when the repayment period commences, interest shall accrue. Payment of the interest accruing before the beginning of the repayment period may be postponed until the date upon which repayment of principal is required to begin or to resume. Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six (6) months. Beginning when the repayment period commences, interest shall accrue and be paid as set forth in the Repayment Schedule which the lender shall establish and provide to me.

2. Interest shall accrue and be payable at an **INTEREST RATE** which is equal to a variable rate which is calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus 3 percent, rounding this figure up to the nearest 1/8 of 1 percent.

3. Any change in the **INTEREST RATE** will affect the payment amounts, the number of payments, or the amount due at maturity.

**INSURANCE PREMIUM**

I agree to pay the lender, in addition to interest and principal due, an amount equal to the premium that the lender is required to pay to the Secretary in order to provide insurance coverage on this Note. Payment of an insurance premium calculated in accordance with instructions issued by the Secretary shall be due and payable immediately and may be taken by the lender from the loan proceeds.

**REPAYMENT**

1. Repayment shall be made in periodic installments over a repayment period which starts the first day of the tenth month after the month in which:

   (A.) I cease to be a full-time student at a HEAL school
   (B.) I cease to be a participant in an accredited internship or residency program of not more than four years in duration. 1/
   (C.) I complete the fourth year of an accredited internship or residency program of more than four years in duration. 1/ or
   (D.) I cease to be a participant in a fellowship training program not in excess of two years or a participant in a full-time educational activity not in excess of two years which ____ (i) is directly related, as determined by the Secretary, to the health profession for which I prepared at a HEAL school and (ii) in which I may engage during a two-year period which begins within twelve months after I complete my participation in an internship or residency program described in clause (A) or clause (B) of this paragraph or before I complete my participation in such an internship or residency program.

2. The repayment period shall not be less than 10 years nor more than 25 years. Any period described under **DEFERMENT** shall not be included in determining the 10 or 25 year periods. In no event, however, shall the repayment period extend to the date that is more than 33 years from the date on which I signed this Promissory Note.

3. The terms and conditions of repayment shall be set forth in a separate Repayment Schedule which the lender shall establish and shall provide me prior to the beginning of the repayment period.

4. Unless I agree otherwise, I shall make a minimum annual repayment of an amount equal to the annual interest on the unpaid principal balance. If I have other outstanding HEAL loans, the sum of all payments to all holders of my HEAL loans shall not be less than an amount equal to the consolidated interest on the unpaid principal balances.

   1/ Except that, if I received a HEAL loan before October 22, 1985, and I become an intern or a resident in an accredited program before the first day of the tenth month after I cease to be a full-time student at a HEAL school, then the repayment period begins on the first day of the tenth month after I cease to be an intern or a resident.

**DEFERMENT**

Periodic installments of principal and interest need not be paid, but interest shall accrue:

1. When I am carrying a full-time course of study at a HEAL school or at an Institution of higher education eligible to participate in the Guaranteed Student Loan Program; and

2. When I am participating in a fellowship training program or a full-time educational activity for not in excess of two years as described in paragraph 1 under **Repayment** below.

3. Not in excess of three years for each of the following when I am:
   A. a member of the Armed Forces of the United States;
   B. in service as a volunteer under the Peace Corps Act;
   C. in service as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973; and
   D. a member of the National Health Service Corps.

4. Not in excess of four years when I am a participant in an accredited internship or residency program.

**DEATH/DISABILITY**

If I die or become totally and permanently disabled my unpaid indebtedness on this Note shall be cancelled in accordance with applicable Federal regulations.

**DEFAULT**

In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable.

Itemization of the Amount Financed of $ 8,232.00

$ 8,232.00  Amount given to me directly
$ 0         Amount paid on my account
            Amount paid to others on my behalf
$ 0         to _____
$ 168.00    Prepaid finance charge

**GENERAL**

The terms of this Note shall be construed according to the Law (42 U.S.C. 294-294i) and the Federal regulation (42 CFR Part 60) governing the administration of the Health Education Assistance Loan (HEAL) Program, copies of which are on file with the holder of this Note.

I shall promptly notify the lender or any other holder of this Note in writing, of any change of name, address, school enrollment status or any other event described in paragraph 3 of the Borrower's Responsibilities as found on the reverse side of this Note.

I agree that all proceeds from this loan will be used solely for tuition and other reasonable education expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, transportation and commuting costs, personal expenses, the HEAL insurance premium, and interest on HEAL loans. I further agree that the check for the proceeds of this loan shall be made payable jointly to me and the eligible institution in which I am enrolled.

By my signature below I CERTIFY that I have read my rights and responsibilities as found on the reverse side of this Note and discussed them with the lender.

_[signature]_          400 S. 33rd St. Chicago, IL 60616     2-24-86
SIGNATURE OF BORROWER     ADDRESS                            DATE

_____   _____      _____
SIGNATURE OF BORROWER     ADDRESS                            DATE

NOTICE: This loan is made without security and without endorsement, except that if the borrower is a minor and this Note would not, under applicable State law, create a binding obligation, the lender may require an endorser to sign this Note. The lender shall supply a copy of this Note to the borrower.

HRSA-500-1-BOI 11-85                            ORIGINAL

## STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

### BORROWER'S RIGHTS

1. The loan check or draft must be made payable to me or if authorized by me — jointly to me and the school. The check or draft must require my endorsement.
2. The lender must provide me with a copy of the completed promissory note when the loan is made. The lender must return the note to me when the loan is paid in full.
3. If the lender assigns (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the new holder.
4. I have a right to a 9-month "grace period" before repayment begins after I have completed school attendance and internship and residency in an accredited program, or a fellowship training program or full-time educational activity approved by the Secretary for this purpose.
5. I have a right to prepay the whole or any portion of the loan at any time without a penalty.
6. I have a right to deferment of principal and interest repayments if certain conditions exist. Under deferment, I am not required to make payments on the loan principal or interest for a period of time. The conditions that qualify me for a deferment are listed under DEFERMENT on the promissory note.
7. The lender will provide me with a repayment schedule before the repayment period begins.
8. My loan obligation will be cancelled in the event of my death or permanent and total disability in accordance with applicable Federal regulations.
9. The lender cannot change the terms of my HEAL loan without my consent.

### BORROWER'S RESPONSIBILITIES

1. I understand that there is no interest subsidy on a HEAL loan and that I must pay all interest on the loan. If I do not make payments on time or I default, the total amount to be repaid may be increased by additional interest costs, late charges, attorney's fees, court costs and other collection costs.
2. I understand that the lender may charge me an insurance premium and that I will not be entitled to any refund of this premium.
3. I must immediately notify the lender if any of the following occurs before the loan is repaid:
   a. change of address
   b. name change (e.g., maiden name to married name)
   c. failure to enroll in a HEAL school for the period for which the loan is intended
   d. transfer to another school
   e. withdrawal from school or attendance on a less than full-time basis
   f. graduation
   g. cessation of participation in an internship/residency program or other eligible deferment status.
4. I must repay the loan in accordance with a repayment schedule. More detailed information about the repayment terms is listed under REPAYMENT on the promissory note.
5. I must notify the lender of any occurrence which may affect my eligibility to receive or to continue to receive a deferment of principal and interest payments.
6. I understand that this loan must be paid. If I do not make payments when due, the lender may declare my loan in default. If I default, the Federal Government will take over my loan and I will then owe the Government. My default may result in court action to force me to pay. Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period.
7. I understand that I can only use the proceeds of my HEAL loan for tuition and other reasonable educational and living expenses.

By my signature below I CERTIFY that I have read my rights and responsibilities and discussed them with the lender.

_____           2-24-86
SIGNATURE OF BORROWER                     DATE

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the United States of America.

By _____   1/24/93
USC/VA SCMA
Sr. Claims Analyst